UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES REINHARDT,

                Plaintiff,

-v-

CORTLAND BANCORP INC., HICHAM CHAHINE, JAMES E. HOFFMAN, III, JOSEPH E. KOCH, TIMOTHY K. WOOFTER, JAMES M. GASIOR, RICHARD B. THOMPSON, JOSEPH P. LANGHENRY, THOMAS P. PERCIAK, TIMOTHY CARNEY, DAVID C. COLE, NEIL J. KABACK, and ANTHONY R. VROSS,

                Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/28/2021

No. 21-cv-8460 (MKV)
OPINION & ORDER DENYING
MOTION FOR
PRELIMINARY INJUNCTION

MARY KAY VYSKOCIL, District Judge:

      Plaintiff brings the above-captioned action alleging that Defendants violated Section 14(a) of the Securities Exchange Act of 1934, Rule 14a-9 promulgated thereunder, and Section 20(a) of the Act by disseminating a "materially incomplete" Proxy Statement in connection with the proposed acquisition of Cortland Bancorp Inc. by Farmers National Banc Corp. [ECF No. 1 ("Cmpl.") ¶ 34]. On October 19, 2021, Plaintiff filed a motion for a preliminary injunction, seeking to prevent or delay the shareholder vote on October 26, 2021 [ECF Nos. 3, 4, 5, 6]. By Order dated October 22, 2021, the Court DENIED Plaintiff's motion [ECF No. 13]. The reasons for that denial are set forth below.

                              I.      BACKGROUND

      Defendant Cortland Bancorp ("Cortland") owns and manages The Cortland Savings and Banking Company, a commercial bank in Ohio. Cmpl. ¶ 9. Plaintiff Charles Reinhardt alleges that he owns Cortland stock and brings this action on behalf of himself alone. *Id*. ¶¶ 1, 8. As

Defendants point out, Plaintiff has filed nine such actions in various federal district courts in the last few months [ECF No. 10 at 3 & n.6].

Early in 2020, Cortland's management conducted discussions about potential business combinations with two other bank holding companies, including Farmers National Banc Corp. [ECF No. 11-1 at 47–48]. The board of Cortland then directed its financial advisor Piper Sandler & Co. to engage in preliminary due diligence with Farmers about a potential merger. In June 2021, the board unanimously approved a Merger Agreement, recommended to Cortland's shareholders that they approve the proposed merger, and issued a joint press release announcing the Merger Agreement. In August 2021, Farmers filed with the SEC an S-4 statement describing the proposed transaction [ECF No. 11-2].

On September 23, 2021, Cortland filed its Schedule 14A Definitive Proxy Statement for the proposed acquisition [ECF No. 11-1 ("Proxy")]. The Proxy is 181 pages long. It devotes four pages to background information and Cortland's reasons for the transaction. It includes historical financial data for both Cortland and Farmers, as well as eight pages of *pro forma* information about the proposed combination. It devotes eleven pages to discussing the fairness opinion of Piper Sandler, including detailed descriptions of the data that Piper Sandler considered, assumptions it made in forming its opinion, and analyses it performed. The Proxy does not, however, include all of the data underlying Piper Sandler's analyses. It does not include the financial projections of Cortland's and Farmers' management, such as estimated net income growth and estimated dividends per share for each company over the next several years.

On October 13, 2021, Plaintiff filed a complaint stating that he would seek "to enjoin the vote" on the proposed acquisition. Cmpl. ¶ 1. He then waited until Tuesday, October 19, 2021 to file his motion to enjoin the vote scheduled to take place one week later, on Tuesday, October 26,

2021 [ECF Nos. 3, 4, 5, 6]. The Court directed Defendants to file their opposition by the morning of Thursday, October 21, 2021 and scheduled a hearing on the motion to take place on Monday, October 25, 2021 [ECF No. 8]. After careful review of the parties' submissions, however, the Court issued an Order late in the day on Friday, October 22, 2021, denying Plaintiff's motion, canceling the hearing, and stating that the Court would later issue an opinion explaining its reasoning [ECF No. 13].

## II.     LEGAL STANDARD

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co.*, 409 F.3d 506, 510 (2d Cir. 2005). To obtain a preliminary injunction, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, the movant must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of equities tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015).

## III.     DISCUSSION

Plaintiff, who brought this motion behalf of himself alone, failed to carry his burden to show that the Court should take the "extraordinary" step of issuing a preliminary injunction to prevent or delay the shareholder vote on a proposed merger that the board of Cortland—in the exercise of its business judgment, in reliance on the advice of Piper Sandler, and with the support of two leading independent proxy advisory firms [ECF No. 11-3]—determined is in the interest of its shareholders. *Moore*, 409 F.3d at 510. In particular, Plaintiff failed to show a likelihood of success on the merits of his claims that Cortland violated federal securities laws. The gravamen

of Plaintiff's motion is that Cortland's otherwise detailed Proxy is "materially incomplete" because it does not include specific data, including internal financial projections about cash flows and dividends over the next several years. Cmpl. ¶ 34; Pl. Mem. at 3, 6, 15. However, Cortland was not required to disclose those estimates, and, at this stage, Plaintiff has failed to make any showing, let alone a "clear showing," that the omissions rendered the Proxy misleading. *Moore*, 409 F.3d at 510.

To be sure, a preliminary injunction may issue to prevent a "misinformed shareholder vote" if a change-of-control transaction would be "influenced by *noncompliance with the disclosure provisions of the various federal securities laws*." *Money Group, Inc. v. Highfields Capital Mgmt., L.P.*, 368 F.3d 138, 147 (2d Cir. 2004) (emphasis added). However, the federal securities laws do not require companies to disclose specific financial projections. *See Mendell v. Greenberg*, 612 F. Supp. 1543, 1550 (S.D.N.Y. 1985) ("Neither the SEC nor the Second Circuit have required that financial projections be included in proxy materials."); *Caspary v. Louisiana Land & Exploration Co.*, 579 F. Supp. 1105, 1109 (S.D.N.Y. 1983), *aff'd*, 725 F.2d 189 (2d Cir. 1984). Rather, to violate Rule 14(a), an omission must render false or misleading the statements that do appear in the proxy materials. *See* 17 C.F.R. § 240.14a-9(a); *Minzer v. Keegan*, 1999 WL 33972459, at *8 (E.D.N.Y. Jan. 25, 1999), *aff'd*, 218 F.3d 144 (2d Cir. 2000); *Caspary*, 579 F. Supp. at 1109.

Plaintiff has not cited any false or misleading statements in the Proxy. Nor, at this stage, has Plaintiff offered the Court any basis to conclude that the omissions he complains of rendered the Proxy misleading. Instead, Plaintiff simply points out the omissions, claims that the omitted numbers were key inputs in Piper Sandler's analyses, and argues that these data "must be

provided to Cortland's stockholders so that they can fully and fairly assess the fairness of the Merger Consideration." Pl. Mem. at 11.

The financial projections of Cortland's and Farmers' management, such as estimated net income growth and estimated dividends per share for each company over the next several years, obviously might be of interest to a shareholder seeking to evaluate the acquisition. However, "[i]nvestors, as a general matter, are not entitled to 'disclosures sufficient to make [their] own independent assessment of a stock's value.'" *Sodhi v. Gentium S.p.A.*, 2015 WL 273724, at *5 (S.D.N.Y. Jan. 22, 2015); *see Resnik v. Swartz*, 303 F.3d 147, 154 (2d Cir. 2002) ("[d]isclosure of an item of information is not required . . . simply because it may be relevant or of interest to a reasonable investor"). That Piper Sandler relied on such internal projections does not change the legal analysis because "a disclosure statement must contain only a 'fair summary' of the underlying bases for a financial advisor's fairness opinion." *Sodhi*, 2015 WL 273724, at *5. While the Proxy omits the underlying data, it contains detailed descriptions of the bases for Piper Sandler's analyses.

If, in the course of this lawsuit, Plaintiff discovers that the omitted projections rendered the Proxy misleading, he will be entitled to damages. At this stage, however, Plaintiff fell far short of showing a likelihood that Defendants violated federal securities laws. For this reason, the Court was obliged to deny his last-minute request for extraordinary relief.

## IV.   CONCLUSION

For the reasons set forth above, the Court DENIED Plaintiff's motion for a preliminary injunction.

**SO ORDERED.**

**Date:  October 28, 2021**  
**New York, NY**

*/s/ Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**